UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DONALD GERARD DOUGLAS**　　　　　**CIVIL ACTION NO. 25-0230**

**VS.**　　　　　**SECTION P**

　　　　　**JUDGE TERRY A. DOUGHTY**

**TENSAS PARISH DETENTION CENTER, ET AL.**　　　　　**MAG. JUDGE KAYLA D. MCCLUSKY**

**REPORT AND RECOMMENDATION**

Plaintiff Donald Gerard Douglas, who proceeds pro se and in forma pauperis, filed this proceeding on approximately December 12, 2024, under 42 U.S.C. § 1983. He names Tensas Parish Detention Center ("TPDC") and an unknown captain as defendants.[1] For reasons below, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff's allegations in his initial complaint are largely incomprehensible. For context, the undersigned presents the initial allegations verbatim:

> The prison is overwhelmed by women; accepted no offers from them and would not comply with working in there kitchen or anywhere else to my knowledge that is racial and unjust abuse.
>
> . . . .
>
> Yes the captain, and case worker's and the other officials overlooked it as I presented to them why I'm still here. [sic].

[doc. # 1, p. 4].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

On March 7, 2025, the undersigned instructed Plaintiff to file an amended pleading and provide specific information. [doc. # 8]. In response to the undersigned's instruction to "provide the name of each defendant who allegedly violated [Plaintiff's] constitutional rights" and to "provide a separate description of what, exactly, each defendant did to violate his rights," Plaintiff stated:

> The young lady is a captain I don't remember her name everybody called her mama. The captain continuously ignored my grievance towards complaining why I'm still here. I was released in June or July but for some reason it took until December to release me. I talked to the major who I sell to believe is the warden now. And everyone in management. For example: refusing to working in kitchen. When there were extra good the inmates could have it. On one occasion the captain—took mix and told the inmates who were serving the food I can not have any. There was and situation on which we had twenty minutes to eat in the kitchen area. By me rushing to consume what was in front of me. I ate the food so fast I could not breathe. In medical they gave me Benadryl minutes later I was in an ambulance rushed to the hospital. [sic].

[doc. # 9, pp. 1-2]. In response to the undersigned's instruction to "state the approximate date each claim arose or began," Plaintiff stated:

> Pardon me, incarceration is like Deja vu every day seems the same. Excuse my ignorance all I can say that it was between January and December of twenty twenty three. [sic].

*Id.* at 4.

In his initial pleading, Plaintiff lists his injuries as follows: "from experience; served and ear injury in which they gave me ear drops to obviate the lack of hearing and ringing in my ear. Now threw medical events I suffer from vertigo Meniere's disease of right ear and it's a form a meningitis. [sic]." [doc. # 1, p. 5]. In his amended pleading, he writes: "I suffered an ear infection ringing in my ear. And it felt like it was flooded with water I explained that to the nurse. She took a look in my ears gave me some eardrops and sent me on my way. Now over a time period towards the infection I have vertigo a form of meningitis disease." [doc. # 9, p. 3].

Plaintiff seeks compensation for the months he "had to be there and the discomfort" he suffers from his ear infection. [doc. # 1, p. 5].

On March 28, 2025, TPDC filed a motion to dismiss, arguing that Plaintiff fails to state claims on which relief may be granted. [doc. # 10]. Plaintiff does not oppose the motion.

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.

3

*Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638

(5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. TPDC**

Plaintiff names TPDC as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24.

TPDC does not qualify as a juridical person; accordingly, the Court should dismiss Plaintiff's claims against TPDC.

**3. Ignoring a Grievance**

In his amended pleading, Plaintiff claims: "The captain continuously ignored my grievance towards complaining why I'm still here. I was released in June or July but for some reason it took until December to release me." [doc. # 9, pp. 1-2].

A prisoner, however, does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See Taylor v. Cockrell*,

5

92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, the Court should dismiss this claim against the unidentified captain.[2]

### 4. Conclusory Claims

In his initial pleading, Plaintiff writes, "The prison is overwhelmed by women; accepted no offers from them and would not comply with working in there kitchen or anywhere else to my knowledge that is racial and unjust abuse. [sic]." [doc. # 1]. In his amended pleading, Plaintiff alleges: "For example: refusing to working in kitchen. When there were extra good the inmates could have it. On one occasion the captain—took mix and told the inmates who were serving the food I can not have any. There was and situation on which we had twenty minutes to eat in the kitchen area. By me rushing to consume what was in front of me. I ate the food so fast I could not breathe. In medical they gave me Benadryl minutes later I was in an ambulance rushed to the hospital. [sic]." [doc. # 9, pp. 1-2].

To establish an Eighth Amendment violation, a prisoner must demonstrate that a prison official was deliberately indifferent to conditions that resulted in the "extreme deprivation[,]" *Shannon v. Vannoy*, 682 F. App'x 283, 285 (5th Cir. 2017), of the "minimal civilized measure of

---

[2] Plaintiff does not allege or suggest that the captain was responsible for any incarceration beyond his release date.

life's necessities."[3] *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety; the official must have been both aware of facts from the inference could be drawn that a substantial risk of serious harm exists, and he must have drawn the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff mentions that he once had only twenty minutes to eat his meal, which caused him to eat too fast and suffer medical complications. But he does not name a responsible defendant. He does not sufficiently identify "any particular defendant's personal involvement in conduct that caused constitutional deprivation." *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant). And even if he did, affording an inmate only twenty minutes to eat a meal on one occasion does not (absent more) approximate deliberate indifference to a substantial risk of serious harm or reflect an extreme deprivation of a life need.[4]

---

[3] The deprivation alleged must be, objectively, sufficiently serious. *Farmer*, 511 U.S. at 834. This standard is not static: the inquiry is whether the conditions are contrary to "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation marks and quoted source omitted).

[4] *See generally Taylor v. Crews*, 2015 WL 5042721, at *7 (N.D. Fla. July 27, 2015), report and recommendation adopted, 2015 WL 5042805 (N.D. Fla. Aug. 26, 2015) ("Having just a few minutes to eat a meal is undoubtedly unpleasant, frustrating, and perhaps even stressful. Yet prison meals are not constitutionally mandated to be pleasant dining experiences."); *Fenlon v. Quarterman*, 2008 WL 637627, at *21 (E.D. Tex. Mar. 5, 2008), *aff'd,* 350 F. App'x 931 (5th Cir. 2009).

As to Plaintiff's claim that the captain denied him one meal, he likewise fails to raise a plausible claim. He does not describe an extreme deprivation of food or a substantial risk of serious harm from missing one meal. *See Aucoin v. Terrebonne Par. Sheriff's Off.*, 2022 WL 16657429, at *1 (5th Cir. Nov. 3, 2022) ("As to his claims of missing one meal on one day, Aucoin did not allege or explain how a substantial risk of serious harm existed to his health based on one missed meal."); *Jarrow v. Taylor*, 2022 WL 7409255, at *1 (5th Cir. Oct. 13, 2022) ("[H]e failed to state a facially plausible claim of an Eighth Amendment violation, considering the minimal amount and duration of deprivation associated with one missed meal."); *Smith v. Windham*, 2023 WL 4904318, at *1 (5th Cir. Aug. 1, 2023).

Plaintiff's remaining allegations above are impermissibly vague. A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Plaintiff does not explain how any defendant's alleged action or omission violated federal law or his constitutional rights. Absent more, his remaining allegations do not suggest unlawful activity. At best, he presents unadorned, formulaic causes of action.

The Court should dismiss these claims.

**5. Motion to Dismiss**

TPDC moves to dismiss Plaintiff's claims. [doc. # 10]. As above, the undersigned recommends dismissing Plaintiff's claims against TPDC. Consequently, should the Court adopt the undersigned's recommendation, there will be no "ongoing adversarial posture between the parties before the court." *Colbert v. Paul*, 858 F. App'x 702, 704 (5th Cir. 2021) (noting that if

parties are "no longer in an adversarial position," the proceeding is moot).  Accordingly, the Court should deny TPDC's motion as moot.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Donald Gerard Douglas's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Tensas Parish Detention Center's Motion to Dismiss, [doc. # 10], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 8th day of September, 2025.

                                                Kayla Dye McClusky
                                                United States Magistrate Judge